T.C. Memo. 1997-253

UNITED STATES TAX COURT

CLYDE FRANKLIN CRAIG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17099-95.                          Filed June 5, 1997.

Clyde Franklin Craig, pro se.

<u>Sandra Veliz</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>: Respondent determined a $29,262 deficiency in petitioner's 1992 Federal income tax, and additions to tax pursuant to sections 6651(a) and 6654(a) in the respective amounts of $5,725.50 and $966.79.

The issues for decision are: (1) Whether petitioner failed to report income during the year in issue; (2) whether petitioner is liable for a section 6651(a) addition to tax for failure to file a 1992 Federal income tax return; and (3) whether petitioner is liable for a section 6654(a) addition to tax for failure to make estimated tax payments for 1992.

All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

Clyde Franklin Craig (petitioner) resided in Seattle, Washington, at the time he filed his petition. Between 1962 and 1965, he studied physics and electrical engineering at UCLA, but did not graduate. Petitioner has worked in the electronics engineering field.

Petitioner concedes that he did not file a 1992 Federal income tax return.

Petitioner's Sources of Income

In 1992, petitioner worked as a television engineer for King Broadcasting Co. (KBC), a major television broadcast station in the Seattle area.  His duties included maintaining and repairing the

station's electronic equipment. Petitioner received $44,628.52 in wages from KBC; $6,360.58 was withheld for Federal income tax purposes.

Petitioner had an individual retirement account (IRA) at Key Trust Co. of the Northwest. During the year in issue, he received a $49,872 distribution from this IRA. Petitioner did not roll over the distribution into a qualified retirement account.

Petitioner also received $201.14 in interest income from Seattle Telco. Federal Credit Union in 1992.

Notice of Deficiency

Respondent found no record of petitioner's having filed a Form 1040 for 1992. Accordingly, respondent determined the deficiency and additions to tax (set forth in the notice of deficiency) based upon payor information indicating that petitioner had received unreported wage, interest, and IRA income in 1992.

OPINION

Issue 1. Unreported Income

Respondent's determinations as to petitioner's tax liability are presumed to be correct. Petitioner bears the burden of proving the contrary. See Rule 142(a); INDOPCO Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61 defines gross income as all income from whatever source derived. Included within the definition of gross income are "compensation for services", "interest income", and "pensions". Sec. 61(a)(1), (4), (11).

Petitioner argues that paying income taxes is strictly voluntary. We disagree. Petitioner was required to file a 1992 Federal income tax return and was required to pay taxes. See secs. 1, 61, 6011, 6012, 7701(a)(14). Petitioner raised traditional protester arguments. This Court, as well as the Court of Appeals for the Ninth Circuit where an appeal in this case would lie, have disapproved of tax protester rhetoric and legalistic gibberish. See, e.g., Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

We hold that petitioner received taxable wage, interest, and pension income in 1992. Accordingly, we uphold respondent's deficiency determination for such year.

Issue 2. Section 6651(a) Addition to Tax

Respondent determined an addition to tax pursuant to section 6651(a) for petitioner's 1992 taxable year. Petitioner can avoid this addition to tax by proving that his failure to file was: (1) Due to reasonable cause, and (2) not due to willful neglect. Sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985); United States v. Nordbrock, 38 F.3d 440 (9th Cir. 1994). "Reasonable cause" requires a taxpayer to demonstrate that he exercised ordinary business care and prudence and was nevertheless unable to file a return within the prescribed time. United States v. Boyle, supra at 246; sec. 301.6651-1(c)(1), Proced. & Admin.

Regs.  Willful neglect means a conscious, intentional failure to file or reckless indifference.  United States v. Boyle, supra at 245.

Petitioner was required to file a Federal income tax return for 1992.  Sec. 6012.  He failed to do so and presented no evidence to prove that his failure to file was due to reasonable cause and not willful neglect.  Accordingly, respondent's determination of the section 6651(a) addition to tax is sustained.

Issue 3. Section 6654(a) Addition to Tax

Respondent also determined an addition to tax pursuant to section 6654(a) for 1992, asserting that petitioner failed to pay estimated tax.  Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the section 6654 addition to tax is mandatory, unless the taxpayer shows that one of several statutory exceptions applies. Sec. 6654; Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner bears the burden of proving qualification for such exception.  See Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).

Although certain amounts were withheld from petitioner's wages, petitioner did not make any estimated tax payments for 1992 and introduced no evidence on this issue.  Accordingly, we sustain

respondent's determination pursuant to section 6654(a) for petitioner's 1992 taxable year.

We have considered all of petitioner's arguments and, to the extent not discussed above, find them to be without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.